DANIEL G. BOGDEN
United States Attorney
PETER S. LEVITT
Assistant United States Attorney
333 Las Vegas Blvd. South, Ste. 5000
Las Vegas, Nevada 89101
(702) 388-6050 / Fax: (702) 388-6698

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | 2:10-cr-401-PMP-GWF |
| ) | **GOVERNMENT'S** |
| LARRY GOODDALL, ) | **MOTION FOR CONTINUANCE** |
| Defendant. ) | |

The United States of America, by DANIEL G. BOGDEN, United States Attorney, and PETER S. LEVITT, Assistant United States Attorney, request that this Court enter an order to continue the deadline to respond to defendant Larry Goodall's motion under 28 U.S.C. § 2255, to vacate, set aside or correct sentence by a person in federal custody (DC Doc. No. 66, Jan. 14, 2013). Currently, the Government's response is due on March 12, 2013; by this motion, the Government requests that the deadline be continued until May 13, 2013.

## MOTION FOR CONTINUANCE

1. Declarant is an Assistant United States Attorney (AUSA) in the District of Nevada and has been such since August 2004. In January 2008, declarant began work in the Appellate Division of the United States Attorney's Office of the District of Nevada. This requires ongoing legal research and brief-writing for appeals in the Ninth Circuit, as well as responses to motions under 28 U.S.C. § 2255, such as the present motion.

2. Specifically, declarant must write the Answering Briefs in *United States v. Velazquez*, CA No. 12-10355 (due March 21, 2013), and *United States v. Mazzarella*, CA Doc.

No. 12-10171.  The Answering Brief in the latter case derives – together with *United States v. Grimm* – from the 36-day jury trial of Mazzarella and Grimm in DC No. 2:08-cr-0064-RLH-GWF.

3. Declarant continues to handle all aspects of the litigation involving sentence reductions based on the March 2008 amendments to the advisory guidelines for cocaine base (Amendment 706), and the November 2011 amendments (Amendment 750).

4. Declarant was recently designated as the "taint attorney" to review the fruits of a search warrant resulting in the seizure of over 2,000 electronic mails ("e-mails") from the target of a criminal investigation.  Before March 29, 2013, the declarant must review each e-mail and determine which are protected by a privilege and which can be disclosed to the trial and investigation teams.  After completing this review, declarant must prepare for an evidentiary hearing where he will defend any decisions to designate certain e-mails "not privileged" or subject to the "crime/fraud exception" to any claim of privilege.

5. On February 20, 2013, the declarant received a Notice of Proposed Furlough, which has now been triggered by the March 1, 2013 sequester and the mandatory across-the-board spending cuts for the federal Government.  The declarant understands that, from April 21, 2013 through September 30, 2013, he may be furloughed without pay for a maximum of 14 days (112 hours).

6. This is Government's first request for an extension of time to file the response in opposition to defendant's motion under Section 2255.  Granting this extension will permit declarant to respond thoroughly to the issues raised in defendant's motion and, if necessary, file a motion to waive the attorney-client privilege and obtain a responsive declaration from trial counsel.

7. Defendant is currently serving his custodial sentence, with a projected release date of June 26, 2017.  *See* www.bop.gov.  After defendant's direct appeal, the Ninth Circuit affirmed this Court's decision order refusing to allow him to withdraw his guilty plea.  *See* DC Doc. No. DC Doc. No. 62 (Sept. 19, 2012) (unpublished memorandum opinion states, among

other things, that evidence of defendant's guilt is "extensive;" that defendant failed to show a "fair and just reason" to withdraw his guilty plea; and that defendant "received a substantially shorter sentence than he would have had he been convicted of the three other charges that the government dropped under the terms of the plea agreement."). Defendant will thus sustain no legally-cognizable prejudice as a result of this continuance.

**WHEREFORE,** based on the foregoing, it is respectfully requested that the court enter an order granting this motion and permitting the United States up to and including May 13, 2013, to file its response to the defendant's motion under Section 2255.

**DATED** this 11th day of March, 2013.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/
PETER S. LEVITT
Assistant United States Attorney

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | 2:10-cr-401-PMP-GWF |
| ) | |
| LARRY GODDALL, ) | **GOVERNMENT'S MOTION FOR CONTINUANCE** |
| Defendant. ) | |

Based upon the pending motion of the United States in the above-captioned matter, and good cause appearing,

**IT IS ORDERED** that the United States motion for a continuance is GRANTED. The United States' response to defendant's motion under 28 U.S.C. § 2255 is due **May 13, 2013**.

DATED this 8th day of April, 2013.

*[signature]*

UNITED STATES DISTRICT JUDGE